IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN RUDD,<br>              **Plaintiff,** | | **CIVIL ACTION** |
| **v.** | | |
| **USAA GENERAL INDEMNITY<br>COMPANY,**<br>              **Defendant.** | | **NO.  25-3852** |

**MEMORANDUM**

**HODGE, J.**                                                                                    **April 30, 2026**

Before the Court is Defendant USAA General Indemnity Company's ("Defendant") Motion to Dismiss Count II of the Amended Complaint (ECF No. 10 (the "Motion")), and Plaintiff Allen Rudd's ("Plaintiff") opposition thereto (ECF No. 11). For the following reasons, the Motion is denied.

**I.      BACKGROUND**

**A.      Factual Background**[1]

The facts as alleged in the Amended Complaint are as follows. Plaintiff resides in his property in Philadelphia, Pennsylvania. (ECF No. 7 ¶ 1.) Defendant issued a homeowner's insurance policy to Plaintiff, insuring his property (the "Policy"). (*Id.* ¶ 6.) The Policy was in full effect on January 24, 2025, and provides coverage for direct physical loss to the dwelling and its contents, unless the loss is excluded or limited by specific terms in the Policy. (*Id.* ¶¶ 7–8.)

On or about January 24, 2025, Plaintiff had been in the basement of his property for approximately two to three hours and observed no sign of moisture, leaks, or water intrusion. (*Id.*

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

¶ 9.) When he returned to the basement later that day, he found standing water throughout a large section of the finished basement, with several inches of water at the low points. (*Id.*) Upon this discovery, Plaintiff recorded videos of the loss on his phone, depicting a substantial accumulation of "water that is clear and free of discoloration, sediment, or dirt." (*Id.* ¶ 10.)[2]

Plaintiff provided Defendant with prompt notice of the loss. (*Id.* ¶ 11.) On January 29, 2025, American Leak Detection ("ALD") conducted an inspection and prepared a written Leak Detection Report (the "ALD Report") addressing the conditions observed, location of the moisture, and the presence of an abandoned supply line penetrating the lower foundation wall. (*Id.* ¶ 12; ECF No. 7-2 at 2.) The ALD Report states that "[t]he insured found that clear water was leaking in at the front of the basement lower foundation wall at the area of the abandoned 3/4" copper water service line penetration. . . . The insured explained that he had a similar leak about three years ago that was found to be related to the abandoned 3/4" copper water service line not being capped off underground at the exterior front curb stop area." (ECF No. 7-2 at 16–17.) The ALD Report further states: "I performed a pressure test along with testing the drainage to confirm no active leaks or drainage issues. The water that leaked into the basement is related to an exterior source that the [Philadelphia Water Department] is scheduled to repair." (*Id.* at 17.)

On January 30, 2025, Defendant denied coverage for the entire loss by invoking an exclusion in the Policy for "water below the surface of the ground that seeps through the foundation." (ECF No. 7 ¶ 13.) Despite having been provided with Plaintiff's videos and the American Leak Detection Report, Defendant refused to reverse its position, as noted in correspondence dated April 15, 2025. (*Id.* ¶ 16.)

---

[2] The Amended Complaint includes what appear to be hyperlinks to three videos. (ECF No. 7 ¶ 10.) The Court is not able to access the videos through these hyperlinks. At this early stage, the Court accepts Plaintiff's allegations regarding the contents of the video as true.

### B.      Procedural History

On May 5, 2025, Plaintiff initiated this action in the Court of Common Pleas of Philadelphia County, Pennsylvania. (ECF No. 1.) On July 25, 2025, USAA removed the action to this Court on the basis of diversity jurisdiction. (*Id.*) Prior to removal, USAA filed Preliminary Objections asserting that Count II of the Complaint, which asserted a claim for bad faith in violation of 42 Pa. C.S.A. § 8371, should be dismissed. (ECF No. 6.) On December 15, 2025, this Court dismissed Plaintiff's bad faith claim without prejudice for failure to allege sufficient facts to support his claim. (*Id.*) Plaintiff filed an Amended Complaint on December 29, 2025. (ECF No. 7.) On January 21, 2026, Defendant filed the present Motion. (ECF No. 10.) Plaintiff filed his opposition on February 2, 2026. (ECF No. 11.)

## II.      LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, a complaint must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. at 678 (citation omitted). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).

Applying the principles of *Iqbal* and *Twombly*, the Third Circuit has articulated a three-part analysis to determine whether a complaint will survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). This three-prong inquiry involves the following: "(1) identifying the elements of the claim, (2) reviewing the

complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## III. DISCUSSION

The Motion only challenges Count II of the Amended Complaint, which asserts a claim of statutory bad faith in violation of 42 Pa. C.S.A. § 8371. A claim of statutory bad faith must plead: (1) the insurer did not have a reasonable basis for denying benefits under the policy; and (2) the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim. *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017). Mere negligence or bad judgments do not constitute bad faith. *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994). To survive a motion to dismiss on a bad faith claim, the facts alleged must "explain how the insurer acted unreasonably and intentionally or recklessly." *Mohanan v. Liberty Mut. Pers. Ins. Co.*, No. CV 22-2956, 2023 WL 8026106, at *7 (E.D. Pa. Nov. 20, 2023) (quoting *Odgers v. USAA Cas. Ins. Co.*, 689 F. Supp. 3d 50, 54 (E.D. Pa. 2023)) (citation modified).

In the Amended Complaint, Plaintiff lists eleven specific instances of alleged bad faith by Defendant, which, at a high level, assert that Defendant's decision was based on speculation that the water seeped through the foundation without competent evidence to support that conclusion, and that determination was contrary to the ALD Report and videos from Plaintiff demonstrating clear water with no sediment or soil residue. (ECF No. 7 ¶ 28.)

In seeking to dismiss Count II, Defendant asserts a factual defense: that it conducted a prompt and thorough investigation, and relied on that investigation—conducted by ALD—in its determination to deny coverage. Defendant specifically relied on ALD's assertion that the 3/4" copper water service line was not capped off "at the exterior front curb stop area," and ALD's

4

conclusion that the water that leaked into the basement is related to this water service line. (ECF No. 7-2 at 15–16.) Defendant then argues that all other assertions of bad faith, not related to the investigation or the reasonableness of Defendant's determination, are merely conclusory.

Indeed, at summary judgment or trial, "[a] reasonable basis is all that is required to defeat a claim of bad faith." *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 367 (3d Cir. 2004). Ultimately, Plaintiff will need to prove "with clear and convincing evidence" his bad faith claim. *See Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997); *Burrell v. United Healthcare Ins. Co.*, No. 00-4697, 2001 WL 873221, at *1 (E.D. Pa. July 30, 2001) ("Clear and convincing evidence is evidence that is 'so clear, direct, weighty and convincing as to enable the [fact finder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.") (internal quotations omitted). Defendant cites several cases at the summary judgment stage where courts have determined that a plaintiff fails to show that an insurer lacked a reasonable basis at this clear and convincing standard. (ECF No. 10-1 at 5.)

But this case is not yet at summary judgment. "At the pleading stage, a plaintiff states a sufficient claim if the complaint avers basic facts regarding the insurance policy, loss, and denial of the claim, as well as allegations that the insurer acted unreasonably." *Snider for Goldhirsh v. State Farm Fire & Cas. Co.*, 644 F. Supp. 3d 141, 146 (E.D. Pa. 2022). Here, Plaintiff has set forth a plausible basis for a finding of bad faith. Drawing all reasonable inferences in his favor, the Amended Complaint alleges that the insured property suffered a sudden direct physical water loss. (ECF No. 7 ¶ 8.) The water found in the property was clear and free of sediment, in a manner which is inconsistent with groundwater or exterior seepage. (*Id.* ¶¶ 10, 15.) The ALD Report noted the presence of an abandoned supply line penetrating the lower foundation wall. (*Id.* ¶ 12.) Defendant denied coverage by invoking an exclusion for "water below the surface of the ground

that seeps through the foundation," despite a lack of evidence that the water seeped through the foundation, and in contradiction of the ALD Report and videos from Plaintiff. (*Id.* ¶¶ 13, 16.) As such, he claims Defendant was unreasonable in its determination, and that it failed to properly investigate the actual origin of the water before making its conclusion. (*Id.* ¶ 28.) Such allegations, if substantiated, could provide a sufficient basis for a factfinder to determine that Defendant lacked a reasonable basis for denying benefits, and recklessly disregarded this lack of a reasonable basis. Accordingly, the bad faith claim is permitted to proceed.

## IV.    CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Dismiss. An appropriate Order follows.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**